DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

NATIONAL STABILIZATION AGREEMENT
OF SHEET METAL INDUSTRY
TRUST FUND, *et al.*

Plaintiffs,

v. No. MISC 05 0081 ML

R. MARTIN & SONS
a/k/a R. Martin & Sons Heating & Air
Conditioning, *et al*.,

Defendants.

**WRIT OF TRUSTEE EXECUTION**

To the United States Marshal for the District of Rhode Island or either of his Deputies:

WHEREAS, National Stabilization Agreement of the Sheet Metal Industry Fund, et al. ("Judgment Creditors") have recovered judgment against R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Company"), Rhonda L. Martin, Jr. a/k/a Rhonda Martin, individually and d/b/a R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Ms. Martin), and Raymond J. Martin, Jr. a/k/a Raymond Martin, individually and d/b/a R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Judgment Debtors") on the 30th day of June, 2004 for the sum of $76,002.20, including pre-judgment interest, liquidated damages, attorneys' fees and costs of suit, as to us appears of record, (*see* Judgment and Certification appended hereto) whereof this First Execution remains to be done,

WE COMMAND CITIZENS BANK OF RHODE ISLAND, therefore, the funds, monies and accounts of the said Judgment Debtors, to cause to be paid and satisfied unto the said Judgment Creditors, at the value thereof in money, the aforesaid sums, being a total of $51,002.20, in the whole.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at One Exchange Terrace, Providence, Rhode Island 02903 within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

Dated this ____ day of ________________, _____.

David DiMarzio
CLERK OF COURT

SEAL

By: ______________________
Deputy Clerk

G:\Sheet Metal Workers\R. Martin & Sons\Pleadings\Writ of EXECUTION 062905.doc

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, et al.

V.

R. MARTIN & SONS a/k/a R. Martin & Sons Heating & Air Conditioning, et al.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

Case Number: 1:04cv35

I, Elizabeth H. Paret, Clerk of the United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on June 30, 2004 (Date), as it appears in the records of this court, and that

* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

June 22, 2005
Date

Elizabeth H. Paret
Clerk

(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
30 2004

NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, *et al*

Plaintiffs

v.

Civil Action No. 04-35-A (CMH)

R. MARTIN & SONS
a/k/a R. Martin & Sons Heating & Air Conditioning, *et al*

Defendants

## CONSENT ORDER AND JUDGMENT

Upon agreement of the parties, Plaintiffs, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (formerly known as the National Training Fund for the Sheet Metal and Air Conditioning Industry), the Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF"), the National Energy Management Institute Committee ("NEMI") and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHI" and together with NPF, ITI, SMWIASF, NEMI, are jointly referred to as "National Funds" and together with SASMI as "Funds" or "Plaintiffs") and Defendants, R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Company"), Rhonda L. Martin, Jr. a/k/a Rhonda Martin, individually and d/b/a R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Ms. Martin"), and Raymond J. Martin, Jr. a/k/a Raymond Martin, individually and d/b/a R. Martin & Sons a/k/a R. Martin & Sons Heating & Air Conditioning ("Mr. Martin" and together with Ms.

Martin and Company, "Defendants"), hereby stipulate to entry of judgment in favor of Plaintiffs and against Defendants, jointly and severally, as set forth herein:

WHEREFORE, this _____ day of ____________, 2004, judgment is hereby entered in favor of Plaintiffs and against Defendants, jointly and severally, and it is ORDERED by the Court that:

1. Judgment in the total sum of $76,002.20 is entered in favor of the Funds against Defendants, jointly and severally. This amount includes the following for each of the Funds:

(a) for the SASMI Trust Fund the amount of $30,323.36, comprised of $16,661.55 in delinquent monthly contributions for the period February 2000 through April 2004; $11,313.96 in liquidated damages for untimely monthly contributions due for the period February 2000 through February 2004; $1,376.87 in interest accrued through May 31, 2004; attorneys' fees of 831.60 and attorneys' costs of $139.38.

(b) for the NPF the amount of $44,110.97, comprised of $30,847.50 in delinquent monthly contributions for the period August 2003 through December 2003; $2,149.78 in interest accrued through May 31, 2004; $6,811.11 in liquidated damages; administrative costs of $500.00, attorneys' fees of $3,308.40 and attorneys' costs of $494.18.

(c) for the ITI the amount of $1,045.28, comprised of $810.00 in delinquent monthly contributions for the period August 2003 through December 2003; $56.45 in interest accrued through May 31, 2004; and $178.83 in liquidated damages.

(d) for the NEMI the amount of $261.30, comprised of $202.50 in delinquent monthly contributions for the period August 2003 through December 2003; $14.11 in interest accrued through May 31, 2004; and $44.69 in liquidated damages.

(e) for the SMOHI the amount of $174.19, comprised of $135.00 in delinquent monthly contributions estimated for the period August 2003 through December 2003; $9.40 in interest accrued through May 31, 2004; and $29.79 in liquidated damages.

(f) for the SMWIASF the amount of $87.10, comprised of $67.50 in delinquent monthly contributions estimated for the period August 2003 through December 2003; $4.71 in interest accrued through May 31, 2004; and $14.89 in liquidated damages.

2. Mr. Martin and Ms. Martin are each considered employers within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and are engaged in commerce, in an industry affecting commerce, with the meanings of Section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

3. Within twenty (20) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Funds any and all then outstanding remittance reports with all required information including the name and social security number of each employee, the hours worked, wages paid and contributions owed for that month together with a check for the full amount of the contributions owed.

4. Defendants, jointly and severally, shall pay to the Funds additional interest at twelve percent (12%) per year on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for the period February 2000 through April 2004, from June 1, 2004 or the date the contribution was due (whichever is later) through the date payment is finally made.

5. Defendants, jointly and severally, shall pay to NPF, ITI, NEMI, SMOHIT and SMWIASF additional liquidated damages equal to twenty percent (20%) of the amount of any

additional delinquent contributions due them for the period August 2003 through January 2004 and for any month thereafter.

6. Defendants, jointly and severally, shall pay to the SASMI Trust Fund additional liquidated damages equal to twenty percent (20%) (or such other amount as prescribed under the SASMI Trust Fund's Rules and Regulations) of the amount of any additional delinquent contributions for the period February 2000 through April 2004 and for any month thereafter.

7. Defendants shall submit to an audit of its wage, payroll, and personnel records for all periods for which Defendants are obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendants, jointly and severally, shall pay all contributions, interest, and liquidated damages determined from such audit to be due, as well as the costs of such audit.

8. Defendants, jointly and severally, shall pay to the Funds any additional reasonable attorneys' fees and costs incurred thereafter in connection with this case to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1 above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

9. Because of Defendants' persistent failure to meet its reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, Mr. Martin, Ms.

Martin, Company, its officers, agents, servants, employees, attorneys, and all persons acting on Defendants' behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendants are obligated to do so under the current and any future collective bargaining agreement(s) to which they are bound.

10. This Consent Judgment and Order is subject to execution in any court of competent jurisdiction, and any and all terms of this Consent Judgment and Order may be enforced by Plaintiffs in any court of competent jurisdiction

11. If Defendants fail to comply with any of the terms of this Consent Judgment and Order, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

12. This Consent Judgment and Order is enforceable by the Funds individually, singly or jointly, or by their agent.

13. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer to other jurisdictions upon the request of the Plaintiffs and payment of any required fee.

BY THE COURT

Date: June 30, 2004
Alexandria, Virginia

By: Claude M. Hilton
CLAUDE M. HILTON, J.
United States District Court Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY [signature]
DEPUTY CLERK